# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00735-CV

**Caleb Walsh, Appellant**

**v.**

**Carswell Cherokee Trust, by its trustee, W. Hampton Beesley, Appellee**

### FROM THE 51ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. A180136C, THE HONORABLE CARMEN DUSEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Caleb Walsh appeals the trial court's final judgment rendered in favor of Carswell Cherokee Trust, by its trustee, W. Hampton Beesley (Carswell), on Carswell's claims against Walsh for breach of guaranty agreements. For the reasons explained below, we affirm the trial court's final judgment.

## BACKGROUND

In its petition, Carswell alleged that in 2017 Walsh and another individual (who was not served below and is not a party to this appeal) executed three separate guaranty agreements, which provided that they would be governed by Georgia law. Carswell attached copies of the agreements to its petition as well as a letter demanding payment. In the agreements, Walsh guaranteed payment and performance of three corresponding promissory notes for loans from Carswell to three separate trusts, through Walsh as their trustee. Carswell

alleged that as of February 15, 2018, each of the notes was in default for nonpayment, and it accelerated the notes and sent demands to Walsh for payment. When Walsh did not pay, Carswell filed suit alleging that Walsh breached the three guaranty agreements and seeking the full amount due on each note, plus costs of collection and attorney's fees. Walsh filed a general-denial answer.

Carswell filed a motion for summary judgment asserting that—since the filing of its original petition—the Walsh trusts had filed for bankruptcy. Carswell contended that, in the bankruptcy proceeding, the bankruptcy court approved a settlement agreement, which Walsh—in his capacity as guarantor—signed and in which he acknowledged as "true and correct" the delinquencies and defaults and the full amount of principal, interest, and fees due under each of the notes. Carswell attached the following to its motion for summary judgment: two affidavits, copies of the notes and guarantees, its demand letters, and the settlement agreement approved by the bankruptcy court.

The record includes no signed summary-judgment order, but the trial court appears to have orally and partially granted the motion[1] at a combined hearing on the motion and final bench trial over two dates, after which the trial court rendered final judgment for Carswell, awarding the full amounts due under two of the notes, plus attorney's fees and costs. Neither party requested findings of fact and conclusions of law, and the record includes no agreed

---

[1] The trial court's docket sheet for the hearing indicates, "Ct. granted SJ for Pl finding each note in default and Def. Walsh personally responsible as guarantor." However, a docket-sheet entry generally "forms no part of the record which may be considered . . . [but] is a memorandum made for the clerk's and the trial court's convenience." *Bryan v. Watumull*, 230 S.W.3d 503, 507 n.2 (Tex. App.—Dallas 2007, pet. denied). While the final judgment also makes reference to a partial summary judgment, it does not identify what specific relief the trial court awarded on summary judgment, reciting merely that "[a]ll matters in controversy" that were not determined by partial summary judgment "were submitted to the Court for determination" after the court "heard evidence and arguments."

2

statement of facts. No reporter's record was filed with this Court, and the record does not indicate that Walsh requested a reporter's record or that he paid the reporter's fee for the record's preparation, made arrangements with the reporter to pay the fee, or is entitled to proceed without paying the fee. *See* Tex. R. App. P. 35.3(b).

## DISCUSSION

In one issue, Walsh contends that the trial court's partial summary judgment was improperly granted "when there was no evidence of [Carswell's] compliance with the Georgia foreclosure confirmation statute in regards to the promissory notes and guaranty agreements" because Carswell did not "present evidence in a Georgia court of the [properties'] fair market value." *See* Ga. Code Ann. § 44-14-161 (2020).[2] Carswell responds that (a) compliance with the Georgia statute is an affirmative defense that Walsh did not plead or present to the trial court and may not raise for the first time on appeal, (b) the statute does not apply because Carswell did not seek a deficiency judgment, and (c) there is no evidence in the record that the collateral was sold

---

[2] In relevant part, the cited Georgia statute provides,

(a) When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

(b) The court shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale.

Ga. Code Ann. § 44-14-161 (2020).

3

at foreclosure as required by the Georgia statute. Carswell further responds that Walsh's failure to request a reporter's record is fatal to his appeal because he cannot cite to any evidence to support his asserted error. We agree with Carswell on its last argument, which is dispositive of this appeal; therefore, we need not address its other arguments. *See* Tex. R. App. P. 47.1.

We first note that, because there is no signed summary-judgment order in the record and no reporter's record, we cannot discern which specific relief the trial court granted on partial summary judgment as opposed to after final trial on the merits. We therefore cannot review the trial court's interlocutory ruling in any meaningful way or evaluate whether there is merit to Walsh's appellate complaint about that ruling. Furthermore, when no reporter's record is filed on appeal, we must presume that the omitted record supports the trial court's implied findings and judgment. *Singh v. Federal Nat'l Mortg. Ass'n*, No. 03-14-00354-CV, 2014 WL 6893696, at *2 (Tex. App.—Austin Dec. 5, 2014, no pet.) (mem. op.) ("[B]ecause no reporter's record has been brought forward on appeal, we must presume that the[] implied findings by the trial court were indeed supported by sufficient evidence."); *Hebisen v. Clear Creek Indep. Sch. Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("Where there is neither reporter's record nor findings of fact, we assume the trial court heard sufficient evidence to make all necessary findings in support of its judgment."); *see also Onkst v. Onkst*, No. 03-15-00636-CV, 2017 WL 2628245, at *2 (Tex. App.—Austin June 16, 2017, no pet.) (mem. op.) ("[W]ithout a complete reporter's record on appeal, we are unable to determine whether the trial court erred. Accordingly, we must assume that the omitted parts of the record support the trial court's judgment." (citations omitted)). Therefore—without making any determination as to whether the Georgia confirmation statute applies, and even assuming that it does—we presume that the trial court heard sufficient evidence to make all necessary findings to support its final

judgment.  *See Singh*, 2014 WL 6893696, at *2.  On the record before us, Walsh has not shown that the trial court erred, and we must accordingly affirm its judgment.  *See id.*

## CONCLUSION

We affirm the trial court's final judgment.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   April 1, 2021

5